JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-00585-JHN-PJWx | Date | June 2, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Martin Barajas et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not present                                      Not present

**Proceedings:**   ORDER REMANDING CASE TO SAN BERNARDINO SUPERIOR COURT (In Chambers)

On August 7, 2009, Plaintiff filed an action against Defendant for unlawful detainer. On April 21, 2010, Defendant removed this action to federal court from the San Bernardino County Superior Court.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" *Id*. at § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. *Id*. at § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. V. Williams*, 482 U.S. 386, 392 (1987). Here, although Defendant alleges that Plaintiff's claims arise under federal law, the Complaint's only cause of action is for unlawful detainer under state law. No federal question is presented on the face of the Complaint.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-00585-JHN-PJWx | Date | June 2, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Martin Barajas et al. | | |

*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Although Defendant's Notice of Removal claims that the amount in controversy exceeds $75,000, the Complaint specifically states that the amount demanded does not exceed $10,000. Defendant presents no basis for why the amount-in-controversy requirement is met and thus fails to establish diversity jurisdiction.

      Ultimately, because no federal question or diversity jurisdiction exists, Defendant fails to meet his burden of establishing federal jurisdiction. Accordingly, the Court hereby REMANDS this case to the San Bernardino Superior Court.

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |